IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA | DOCKET NO. 0979 1:01CR30016-001-PA |
|---|---|
| v. | ORDER CONTINUING AND MODIFYING SUPERVISED RELEASE TERM |
| CARL ERIC PHILLIPS, | |
| Defendant. | |

On January 10, 2002, this Court sentenced defendant to the custody of the Bureau of Prisons for a period of 151 months to be followed by a 3-year term of supervised release subject to standard and special conditions. The term of supervised release began May 6, 2012.

On November 28, 2012, this Court issued a Warrant of Arrest and Order to Show Cause why defendant's term of supervised release should not be revoked based on the probation officer's allegations that defendant violated the conditions of release.

On December 17, 2012, defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. The Court found the defendant had violated the conditions of supervised release by failure to participate in urinalysis testing as directed, failure to participate in substance abuse treatment as directed, use of controlled

*ORDER—PHILLIPS, CARL ERIC*                                         *Page 1*
*kw/*29249

substances, and failure to participate in a psychological treatment program.

It is the finding of the Court that defendant violated the conditions of supervised release.

It now appearing to the Court defendant is suitable for continued community supervision,

**IT IS ORDERED** defendant's term of supervised release is continued subject to the previously imposed standard and special conditions and the following added special condition(s): 1) The defendant shall reside in and satisfactorily participate in a residential reentry center, to include a prerelease component, if determined appropriate by the residential reentry center manager and the U.S. Probation Officer, for up to 120 days or until discharged by the residential reentry center manager and the U.S. Probation Officer.   2) The defendant shall participate in a mental health treatment program approved by the probation officer.   3) The defendant shall reside in and participate in an inpatient drug treatment program, as directed by the probation officer, for a period not to exceed 120 days.

All other aspects of the original judgment order shall remain in full force and effect.

**DATED** this ___26___ day of December, 2012.

The Honorable Owen M. Panner
Senior U.S. District Judge